| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE KOSCIUSKO SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF KOSCIUSKO | ) | CAUSE NO._____ |

| | |
|---|---|
| VERNON L. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KOSCIUSKO COUNTY SHERIFF | ) |
| and DEPUTY CHIEF MIKE FOSTER, | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

Plaintiff, by counsel, alleges against the Defendants as follows:

1. The Plaintiff is Vernon L. Williams, and African American resident of Fort Wayne Indiana.

2. The Defendants are Winona Lake Deputy Chief Mike Foster, and additional officers John Does/Jane Does names currently unknown but to be provided upon discovery), who are each named in their individual capacity pursuant to 42 U.S.C. § 1983. At all material times to this Complaint, these Defendants were each acting within the scope of their employment and under color of law when they subjected Plaintiff to arrest without probable cause and excessive force in violation of Plaintiff's right to be free from unreasonable seizure under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

3. Defendant Kosciusko County Sheriff is named in his official capacity pursuant to 42 U.S.C. § 1983. At all material times to this Complaint, the Sheriff was responsible for having unconstitutional and/or constitutionally defective policies, practices, procedures

and/or customs in effect at the Kosciusko County Jail ("Jail"), that caused the Plaintiff to be over-detained, in violation of the Plaintiff's federally protected rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

4. On the morning of June 3, 2022, Plaintiff was driving on U.S. Highway 30 with his girlfriend as a passenger. At some point during the drive, Plaintiff's girlfriend snatched his cell phone away from him and tossed it out of the car window. Shortly after that, when Plaintiff came to a stop at a stoplight at Warsaw, she hopped out of the car and began walking towards a nearby gas station.

5. Being tired of her behavior, Plaintiff signaled to pull into the turn lane so that he could make a U-turn and drive home.

6. Shortly after making the U-turn, Plaintiff saw a law enforcement vehicle behind him, driven by Defendant Foster, turn on its emergency lights and siren. The Plaintiff responded by promptly pulling his vehicle over, and never attempted to evade or flee.

7. After the Plaintiff pulled over and parked his car, Defendant Foster approached the Plaintiff's car on foot, as three additional officers positioned themselves around the Plaintiff's car, with their guns drawn, placing the Plaintiff in fear for his life.

8. The Plaintiff was not told why he had been pulled over. However, the Plaintiff complied with answering Defendant Foster's questions about what was going on with the Plaintiff's girlfriend and explained they'd just had a disagreement. The Plaintiff also cooperated with the officers, by producing his driver's license and registration. At no point in time did he threaten anyone or attempt to flee. The Plaintiff was ordered to exit his car, and he complied.

9. During the stop, one of the officers Plaintiff was asked if he had a firearm in his vehicle. He answered yes, and after informing Defendant Foster that he also had a license for it, the Plaintiff complied with the order to produce the license.

10. Defendant Foster and the other officers seized the Plaintiff's firearm. Defendant Foster then confirmed that the Plaintiff held a valid Indiana Conceal Carry license for its possession, and that the firearm had been lawfully purchased by the Plaintiff.

11. Defendant Foster and officers John Does/Jane Does then formally arrested Plaintiff and took him to the Kosciusko County Jail.

12. Plaintiff was then held at the jail until 11:41 a.m. on June 5, 2022. Plaintiff's arrest had been at 10:30 a.m. on June 3, 2022, more than 48 hours before his release from the Jail.

13. By information and belief, and at no time prior to the Plaintiff's release from the Kosciusko County Jail, had any warrant been issued for the Plaintiff's arrest nor any judicial probable cause determination made regarding the Plaintiff's detention and arrest.

14. Plaintiff was charged with alleged Criminal Confinement. The charge was dismissed on May 4, 2023 following a jury trial, in which the Plaintiff was found not guilty.

15. Plaintiff contends that Defendant Foster and Officers John Does/Jane Does detained and formally arrested him without probable cause to believe he had committed a crime, subjecting Plaintiff to false arrest in violation of his Fourth Amendment rights.

16. The Plaintiff contends that Defendant Foster and the other officers subjected him to excessive and unreasonable force in violation of his Fourth Amendment rights, when they pointed their firearms at him, at a time when he was not fleeing, threatening anyone, was not resting law enforcement, nor posing an imminent threat of harm to anyone.

17. Plaintiff contends that he was over detained at the Kosciusko County Jail in violation of his Fourth Amendment rights when he was detained for more than 48 hours after his arrest without a warrant and without the issuance of a timely probable cause determination for the detention.

18. Plaintiff contends that the over-detention at the Kosciusko County Jail was pursuant to the unconstitutional and/or constitutionally deficient polices, practices, procedures, and/or customs of the Kosciusko County Sheriff that permitted the continued detention of the Plaintiff in the absence of an arrest by warrant, and timely judicial probable cause determination for the detention.

19. Plaintiff contends that the actions of the Defendants were the direct and proximate cause of the Plaintiff suffering an unlawful loss of freedom and liberty, inconvenience, mental anguish, emotional distress, and other damages and injuries.

20. The actions of the individually named Defendants were intentional knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983, warranting an imposition of punitive damages.

WHEREFORE, Plaintiff by counsel respectfully requests judgment against the Defendants, and each of them, for compensatory damages, punitive damages (where available), reasonable attorney's fees and costs, and all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**MYERS SMITH WALLACE, LLP**

<u>*/s/ Christopher C. Myers*</u>
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:     (260) 424-0600
Facsimile:     (260) 424-0712
E-mail:     cmyers@myers-law.com
*Counsel for Plaintiff*

USDC IN/ND case 3:23-cv-01049-CCB-JEM   document 4   filed 11/10/23   page 6 of 8

43C01-2311-CT-000088

Filed: 11/10/2023 8:23 AM
Clerk
Kosciusko County, Indiana

Kosciusko Circuit Court

# Myers Smith Wallace LLP
LAW OFFICES
809 S. Calhoun Street, Suite 400 ♦ Fort Wayne, IN 46802
Phone: (260) 424-0600 ♦ Facsimile: (260) 424-0712

| | |
|---|---|
| CHRISTOPHER C. MYERS | cmyers@myers-law.com |
| ILENE M. SMITH | ismith@myers-law.com |
| NICHOLAS F. WALLACE | nwallace@myers-law.com |

November 8, 2022

Winona Lake Town Council
1310 Park Avenue
P.O. Box 338
Winona Lake, IN 46590

Kosciusko County Sheriff
221 W. Main Street
Warsaw, IN 46580

## TORT CLAIM NOTICE

Dear Government Officials:

My law firm represents Claimant Vernon L. Williams in the above dispute. This letter constitutes the Tort Claim Notice of Mr. Williams.

### Date, Time, Place and Circumstances of the Loss:

On June 3, 2022, at approximately 10:00 a.m., while Claimant was heading north on US 30 from Fort Wayne Indiana and taking his girlfriend home to Mishewaka Indiana, there was an incident between the two where she became angry because Claimant was breaking off their relationship. The girlfriend tried to take Claimant's cellphone and he tried to grab his phone back from her while drive the vehicle. This incident occurred while Claimant was in between Columbia City Indiana and Warsaw Indiana. Claimant was able to pull over the vehicle and his girlfriend got out of the car. Claimant started to drive back home when an unmarked police car pulled Claimant over. Officer Foster had no probable cause to pull over the Claimant (who is a black male). Officer Foster had three or four other officers with him. Claimant's girlfriend told the officers that Claimant had a gun in the vehicle and that he was licensed to carry. When the Caucasian officers heard that Claimant, who was licensed to carry, had a firearm, they all drew their weapons and took aim at the Claimant and his vehicle. The officers got Claimant out of the car and took his firearm and surrounded Claimant like he was a criminal. The officers continued to detain and arrest Claimant even though he had done nothing wrong, had not committed any crimes, and it was legal for Claimant to carry a firearm. Officer Foster then falsely charged Claimant with a Level 6 Felony of Criminal Confinement. Claimant was transported to the Kosciusko County Jail. Claimant was arrested without a warrant and spent more than 48 hours in jail without receiving a probable cause determination. Claimant was forced to sleep on

Ex. A

concrete with no bed or mat, and his jail cell was overcrowded. Finally, Claimant was released on his own recognizance on June 5, 2022 at 11:41 a.m., more than 48 hours after his arrest. Claimant's gun was held and not given back.

Claimant learned that Officer Foster from Winona Lake Police Department had Claimant's gun. Claimant made arrangements to pick up his gun and gun license to carry with Chief Hawn of the Winona Lake Police Department. Claimant then had a telephone conference with Officer Foster who told Claimant that he could not get his gun and that he was enhancing the charge to a Level 3 Felony Criminal Confinement with a deadly weapon – which was absolutely false and he had no reason to make that charge. Regardless, a Level 3 Criminal Confinement with Deadly Weapon charged was brought on July 1, 2022. To date, my client has not yet received his driver's license, gun license, or his gun back.

**Extent of the Loss:**


**Time and Place the Loss Occurred:**


**Names of All Persons Involved (If Known):**

    Vernon L. Williams
    Tomica Teetz
    Officer Foster
    Other unknown law enforcement officers from Winona Lake and Kosciusko County
    Dana Leon, Public Defender
    Unknown booking officers and correctional officer of the Kosciusko County Sheriff's Department

**Damages/Relief Requested:**

Claimant suffered violations of the Fourth Amendment, illegal search and seizure, false arrest, illegal stop and detention, unconstitutional detention because of fabricated probable cause and leveling false criminal charges, emotional distress, mental anguish, psychological damages, unconstitutional conditions of confinement against the Kosciusko County Sheriff, physical pain, sleeplessness, and other damages and injuries.

Claimant seeks the return of his property, including his gun, gun license, driver's license, compensatory damages, punitive damages, and reasonable attorney's fees and costs in an amount no less than $150,000.00, and declaratory and injunctive relief under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.


**Residence of Claimant at the Time of the Loss and at the Time of the Filing of This Notice:**

Both at the time of the incident, and presently, Claimant's address is and has been 201 Killea Street, Fort Wayne, Indiana 46807.

**Preservation of Evidence:**

Claimant believes that the Respondent and/or Respondent's employer [name of city, county, and/or state entity that employs the defendants) is in possession of documentation and materials that reflect and address the relevant facts and circumstances that support the Claimant's allegations. Please preserve any and all materials and documentation in your possession, and/or the possession of your employees and agents, that address the facts and circumstances leading up to, taking place during, and immediately following the events underlying this Tort Claim Notice, and/or addressing and reflecting the Claimant's resulting damages, as they may become evidence in future litigation. our office copies of any relevant documents. This includes, but is not limited to any relevant:

* **Video recordings;**

* **Audio recordings;**

* **Photographs;**

* **Witness Statements;**

* **Notes, whether handwritten or typed;**

* **Narrative reports, Investigatory reports, Officer reports, etc.;**

* **Electronic files, including but not necessarily limited to electronic communications (such as emails, text messages, etc.) ;**

* **Print outs of web pages, internet postings, and /or online communications through social media, such as Facebook, Twitter, Instagram, Snapchat, etc.;**

* **Any and all physical evidence of any other kinds and nature (if there is any).**

Very Truly Yours,

**MYERS ♦ SMITH ♦ WALLACE, LLP**

Christopher C. Myers