UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VERNON L WILLIAMS,

    Plaintiff,

    v.

KOSCIUSKO COUNTY SHERIFF, et al.,

    Defendants.

Case No. 3:23-CV-1049

## OPINION AND ORDER

Vernon L. Williams sued the Kosciusko County Sheriff under 42 U.S.C. § 1983 for allegedly keeping him in jail for over 48 hours without a probable-cause determination. [DE 4, ¶¶ 3, 17.] He also sued Winona Lake Deputy Chief Mike Foster and other unnamed officers in their individual capacities for allegedly arresting him without probable cause and for using excessive force during the arrest. [DE 4, ¶ 2.] Deputy Foster answered the complaint [DE 14], while the County Sheriff moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). [DE 5.] Mr. Williams responded to the motion to dismiss by filing his "Response to Motion to Dismiss and Motion to Amend Complaint." ("Motion to Amend") [DE 13.] The Motion to Amend includes a motion to simultaneously amend his complaint so that it becomes a Rule 23 class action, and to sever claims from the new class action. *Id.* The County Sheriff argues that the effort to amend the complaint is futile because the proposed amended complaint also fails to state a claim. [DE 15, pg. 3.]

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint shall be freely given, but "[l]eave to amend need not be granted, however, if it is clear that any amendment would be futile." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). An amendment is futile when "the pro-posed amendment fails to cure the deficiencies in the original pleading, or could not survive a second

motion to dismiss." *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004) (quoting *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir.1991)).  District courts use the 12(b)(6) standard to address the legal sufficiency of allegations in an amended complaint. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997).  To survive a motion to dismiss under Rule 12(b)(6), the allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plaintiff must plead facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  A judge evaluating a motion to dismiss under Rule 12(b)(6) must view the allegations in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences for the non-moving party. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018).

## DISCUSSION

Mr. Williams filed the Motion to Amend in response to the County Sheriff's motion to dismiss.  Mr. Williams did not defend the adequacy of the claims directed at the County Sheriff in the original complaint because he considered defending those claims "a waste of time and energy." [DE 16, pg. 2.]  As such, Mr. Williams has waived any argument about the sufficiency of the claims against the County Sheriff in the original complaint. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720-21 (7th Cir. 2011).  Therefore, the Court will direct its attention to Mr. Williams' Motion to Amend. [DE 13.]

## I. Allegations in the proposed amended complaint

The County Sheriff argues that allowing Mr. Williams to amend the complaint would be futile because the proposed amended complaint, like the original, fails to state a claim against the County Sheriff. [DE 15, pg. 3.] Since the time to amend as a matter of course has passed, the Court must resolve the Motion to Amend by examining the sufficiency of the allegations in the proposed amended

complaint [DE 13-1] under Rule 12(b)(6).[1] To state a viable claim against the County Sheriff, Mr. Williams must plead facts that allow the Court to infer that an unconstitutional act was caused by "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir.2009) (citing *Monell v. Department of Social Services of New York*, 436 U.S. 658, 690 (1978).

Mr. Williams alleged enough facts to support an inference that his rights were violated. Mr. Williams contends that the County Sheriff violated his Fourth Amendment rights because he was jailed without a timely decision about whether there was probable cause to arrest him. [DE 13-1.] It is presumptively reasonable to hold a person in jail for up to 48 hours before there is a determination of probable cause. *Chortek v. City of Milwaukee*, 356 F.3d 740, 746 (7th Cir.2004) (citing *County of Riverside v. McLaughlin*, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991)). But if a person is detained for more than 48 hours, the burden shifts to the government to show that the delay was justified by an emergency or an extraordinary circumstance. *Id.* Mr. Williams alleges that he was arrested without a warrant on June 3, 2022, around 10:30 in the morning and held until June 5, 2022, at 11:41 in the morning. [DE 13-1, ¶¶ 1-6.] He also alleges that he was not brought before a judicial officer to determine whether there was probable cause for his arrest at any time during his detention. *Id.* When viewed in the light most favorable to Mr. Williams, the allegations are enough to support an inference that his rights were infringed.

The County Sheriff argues that Mr. Williams relies on mere "boilerplate recitations of the elements of his cause of action" and failed to allege facts showing that his alleged over detention was

---

[1] Under Rule 15 of the Federal Rules of Civil Procedure, Mr. Williams had up to 21 days from the date he was served with the Motion to Dismiss [DE 5] to amend the complaint without leave from the Court. The County Sheriff moved to dismiss on December 11, 2023. [DE 5.] Mr. Williams did not move to amend his complaint until January 5, 2024. Thus, he must receive leave from the Court to amend his complaint.

part of a department-wide policy. [DE 15, pg. 3.]  But the allegations in the proposed amended complaint go further than boilerplate recitations. Mr. Williams alleges that Sheriff Jim Smith implemented department-wide policies related to the detention of arrestees that direct his staff not to record the time of arrest or track how long a person is held, and that this department-wide policy causes arrestees to be kept in jail for more than 48 hours without a probable-cause determination. [DE 13-1, ¶¶ 7-8.] Mr. Williams alleged enough facts to support an inference that the over detention was part of a department-wide policy.

## II.    Requested procedural steps

The Court has determined that amending the complaint would not be futile. The Court will now address the requested procedural maneuvers in the Motion to Amend. Mr. Williams asked for approval to simultaneously amend his complaint so that it becomes a Rule 23 class action against the County Sheriff and to sever his claim against Deputy Foster from the class action. [DE 13, ¶¶ 2-5.] This approach is improper because Local Rule 7-1(a) requires motions to be filed separately:

> **Motions Must Be Filed Separately.** Motions must be filed separately, but alternative motions may be filed in a single paper if each is named in the title following the caption.

The motion does not frame one request as an alternative to another but asks the Court to approve them simultaneously.

Further, motions to amend under Rule 15 and motions to sever under Rule 21 are distinct procedures that are subject to different legal standards. Each motion requires independent consideration by the parties and the Court. The Court will not allow Mr. Williams to skip steps by lumping these two motions together.

Mr. Williams also asks the Court to allow him to avoid paying the filing fees for the new case. [DE 13, ¶ 6(f).] However, Mr. Williams did not explain why he should be excused from paying filing fees so this request is denied.

## CONCLUSION

1.  The County Sheriff's motion to dismiss [DE 5] is DENIED as moot.

2.  Mr. Williams' Motion to Amend [DE 13] is GRANTED in part and DENIED in part without prejudice:

    a.  The Court holds that allowing Mr. Williams to amend his complaint would not be futile. However, the Court will not adopt the requested procedures put forth in his Motion to Amend because they do not comply with the local rules, and because motions to amend and motions to sever need independent consideration by the parties and the Court. If Mr. Williams wishes to amend his complaint, he must do so within 30 days of this order.

    b.  If Mr. Williams does not file an amended complaint within 30 days, the original complaint will once again become operative, and the Court may rule on the Motion to Dismiss [DE 5] based on the arguments and waivers currently before the Court.

3.  The "Defendant Kosciusko County Sheriff's Motion for Leave to File Sur-Response in Opposition to Plaintiff's Motion for Leave to Amend" [DE 17] is GRANTED.

4.  The "Motion to Revise Proposed Amended Complaint – Class Action" [DE 20] is DENIED as moot.


August 2, 2024

                                         */s/ Cristal C. Brisco*
                                         CRISTAL C. BRISCO, JUDGE
                                         UNITED STATES DISTRICT COURT